UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. GODWIN,<br><br>      Petitioner,<br><br>v.<br><br>DAVID DAVEY, Warden,<br><br>      Respondent. | Case No. 16-cv-2650-BAS-KSC<br><br>**ORDER:**<br><br>(1) **OVERRULING PETITIONER'S OBJECTION [ECF No. 14];**<br><br>(2) **APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY [ECF No. 13];**<br><br>(3) **DENYING PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 1]; AND**<br><br>(4) **DENYING CERTIFICATE OF APPEALABILITY** |

   Petitioner Jeremy J. Godwin filed a Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. §2254. (ECF No. 1.) Presently before the Court is a Report and Recommendation (R&R) from Magistrate Judge Karen Crawford recommending denial of the Petition. (ECF No. 13.) Petitioner has filed an objection

("Objection") to portions of the R&R and also requests a certificate of appealability in connection with a denial of the Petition. (ECF No. 14.) For the reasons stated herein, the Court overrules the Objection, approves and adopts the R&R in its entirety, denies the Petition, and denies the Petitioner a certificate of appealability.

I.  **BACKGROUND**

In 2013, Petitioner was convicted by a jury in the California Superior Court of two counts of aggravated sexual assault of a child with oral copulation, four counts of forcible lewd act on a child, and one count of child molestation with a prior conviction. (ECF No. 13 at 2.) He was sentenced to 334 years to life. (*Id*.) Petitioner appealed his judgment of conviction to the California Court of Appeal on November 1, 2013, in which his conviction was affirmed and his sentence modified to dismiss the habitual sexual offender offense. (*Id*.) The California Supreme Court subsequently denied Petitioner's appeal of that ruling. (*Id*.)

On October 26, 2016, Petitioner filed the instant Petition, raising multiple claims for relief, including violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 1.) Respondent filed a response to the Petition and submitted a lodgment of relevant exhibits. (ECF Nos. 9, 10.) Petitioner filed a traverse to this Response. (ECF No. 12.) lol

After a review of all materials in this case, Judge Crawford issued an R&R recommending denial of the Petition on all grounds raised. (ECF No. 13.) Objections to the R&R were due within 45 days of its issuance. (*Id*.) Petitioner timely filed his Objection. (ECF No. 14.) No replies were filed to that objection, and no further objections to the R&R were filed. The Court now considers the R&R and Petitioner's Objection.

II. **LEGAL STANDARD**

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The

statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

### III. DISCUSSION

#### A. The Court Overrules Petitioner's Objection

The Objection raises four challenges to the R&R. The Court conducts a *de novo* review of those portions of the R&R that Petitioner has challenged and overrules the Objection as to each.

##### 1. Challenges to the Sufficiency of the Evidence Underlying Convictions

Petitioner objects to the R&R's conclusions regarding two challenges he raises to the sufficiency of the evidence underlying his convictions for duress and sexual assault. Petitioner's challenges turn on the provision of federal habeas relief under *Jackson v. Virginia*, 443 U.S. 307 (1979). In a *Jackson* habeas challenge to the sufficiency of the evidence supporting a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 318–19. A finding that the evidence was insufficient "is in effect a determination that the government's case was so lacking that the trial court should have entered a judgment of acquittal." *McDaniel v. Brown*, 558 U.S. 120, 131 (2010). Review of a *Jackson* challenge is doubly deferential not only because deference must be afforded to the factfinder, but because deference is also due to determinations of state courts. *See Coleman v. Johnson*, 566 U.S. 650, 651 (2012) ("*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."); *see also* 28 U.S.C. §2254(d). In addition, under AEDPA, a federal habeas court's inquiry is "even more limited" because the court "ask[s] only whether the state court's decision was contrary to or reflected an unreasonable application of *Jackso*n to the facts of a particular case." *Emery v. Clark*, 643 F.3d 1210, 1213–14 (9th Cir. 2011). With these principles in mind, the Court turns to Petitioner's objections to the R&R's conclusions regarding this evidence sufficiency challenges.

### a. Sufficiency of Evidence Regarding Duress

Petitioner objects to R&R's conclusion that the California Court of Appeal's decision that a rational juror could infer duress was not objectively unreasonable. (ECF No. 14 at 1.) Petitioner asserts that "the court unreasonably applied *Jackson v. Virginia*, 443 U.S. 307 (1979) to the facts in this case." (*Id.* at 2.) He claims that there was insufficient evidence that he engaged in behavior that constitutes duress under California Penal Code Section 288, which he states "requires purposeful behavior to coerce a minor into sexual acts." (*Id.*) Specifically, Petitioner contends that there was no testimony that the appellant engaged in such purposeful behavior. The Court overrules Plaintiff's objection.

The requirements of California law are clear. California Penal Code 288(a) makes it unlawful for person to "willfully and lewdly commit[] any lewd or lascivious act" on a minor with the "intent of arousing, appealing to, or gratifying the

lust, passions, or sexual desires of that person or the child." CAL. PEN. CODE §288(a). Subsection (b) provides additional penalties if that crime is committed with the use of, *inter alia*, force, duress, or fear of "immediate and unlawful bodily injury on the victim." CAL. PEN. CODE §288(b)(1). Duress is defined as "the *use* of a direct or *implied* threat of force, violence, danger, hardship, or retribution sufficient to cause a reasonable person to do [or submit to] something that he or she would not otherwise do [or submit to]." *People v. Soto*, 245 P.3d 410, 421 n.9 (Cal. 2011) (emphasis added). A finding of duress under Subsection (b) is to be made by considering the totality of the circumstances, taking into account, for example, the age of the victim, the relationship between the victim and the defendant, the relevant size difference, and the age disparity. *See People v. Veale*, 160 Cal. App. 4th 40, 46 (Cal. Ct. App. 2008).

Here, the R&R correctly concludes that, under the totality of the circumstances presented, the California Court of Appeal's determination that there was sufficient evidence for the jury to convict Petitioner of duress was not objectively unreasonable. (ECF No. 13 at 11–14.) In particular, the Court of Appeal identified Doe's testimony that she feared harm from the Petitioner and felt incapable of telling the Petitioner "No." (ECF No. 10-45 at 6059, 6074, 6096–97, 6104.) The Court of Appeal also observed that Doe described Petitioner's volatile and violent behavior against her and her mother. (ECF No. 10-8 at 12.) The Court of Appeal noted that the sexual abuse against Doe started when she was a young child and continued until she was 14. (*Id.*) The Court of Appeal determined that the jury could find that Petitioner "psychologically coerced" Doe "by creating an atmosphere of fear in the family so that she would be intimidated, compliant, and secretive about the sexual activity." (*Id.* at 12–13.) Petitioner offers no challenge to this testimony and the inferences that a rational trier of fact may draw from it, other than to cursorily assert that it cannot support his conviction. This Court is not convinced. As the R&R correctly concluded, this Court must presume that the trier of fact resolved any competing

inferences from the evidence adduced in favor of convicting the Petitioner. (ECF No. 13 at 14.) Accordingly, the Court approves and adopts the R&R's recommendation to deny habeas relief based on insufficient evidence from which a rational juror could infer duress. (ECF No. 13 at 14.)

### b. Sufficiency of Evidence for Aggravated Sexual Assault Conviction

Petitioner also objects to the R&R's conclusion regarding the sufficiency of the evidence underlying his conviction for aggravated sexual assault. (ECF No. 14 at 2.) Petitioner asserts that Doe's testimony was not refreshed and the state court's finding to the contrary is based on an unreasonable interpretation of the record. (ECF No. 14 at 2.) The basis for this contention is that although Doe testified that there was a time when the Petitioner orally copulated her, she did not testify about when the incident occurred and could not say where in or at which house the incident occurred. (*Id*.) The Court overrules Petitioner's objection.

The R&R expressly considered Petitioner's argument that certain evidence was required for the jury to convict him and correctly rejected that argument. Under *People v. Jones*, general testimony from a minor subject to repeated acts of molestation may support a conviction if the victim can testify to: (1) the kind of acts committed, (2) the number of acts committed with sufficient certainty, and (3) the general time period when the acts occurred. 51 Cal. 3d 294, 316 (Cal. 1990). Petitioner acknowledges this standard but asserts that "in this case" the jury needed to make specific findings regarding location of the challenged acts. (ECF No. 12 at 7.) Petitioner's objection to the R&R is premised on his view about the law requires for a conviction. As the R&R correctly concluded, Petitioner's objection that Doe did not testify where in the house the incident occurred is premised on a requirement that simply does not exist under *Jones*. (ECF No. 13 at 16.)

Petitioner's argument regarding the time period of the acts is also unavailing and the Court overrules his objection on this point. As the R&R observed, Doe

testified as to the general time period when the acts occurred, specifically that she recalled being nine to ten years old, and that she did not recall any other acts around that time. (*Id*.) Here, Petitioner's argument appears to be that Doe was required to testify as to a precise date range of "between July 1, 2002 and November 19, 2003." (ECF No. 12 at 7.) This is also not required under California law. *Jones* identified as examples of permissible testimony statements like "the summer before my fourth grade" or "during each Sunday morning after he came to live with us." 51 Cal. 3d at 316. Doe's testimony regarding her age is akin to these examples. The R&R correctly concluded that Doe's testimony satisfied the *Jones* general time requirement. The R&R also observed that the prosecution chose to use the location of the molestation and when the family lived there as a chronological reference point for the count. (ECF No. 13 at 16.) The R&R correctly determined that the Court of Appeal did not err when it concluded that a rational juror could ascertain how old Doe was when she lived at certain locations. (*Id*.) Accordingly, the Court approves and adopts the R&R's recommendation to deny habeas relief on the basis of insufficient evidence to support Petitioner's conviction for aggravated sexual assault. (*Id.* at 17.)

### 2. Admission of Details Surrounding Prior Conviction as Violation of Due Process

Petitioner objects to the R&R's conclusion that the admission of details regarding his prior conviction for molesting Doe was not error. (ECF No. 14 at 3.) Plaintiff concedes that the admission of propensity evidence has not been found to violate the Due Process Clause, yet argues that statements by police Detective Crisp based on Petitioner's "supposedly taped unsubstantiated confession" "so infected the entire trial the resulting conviction violates due process under *Estelle v. McGuire*, 503 U.S. 62, 67 (1991)" and habeas relief is required. (ECF No. 12 at 8; ECF No. 14 at 3.) Plaintiff's objection is not to a specific factual finding, but rather whether, as a matter of law, the admission of this type of evidence violates the Due Process

1 | Clause. The Court overrules Plaintiff's objection.

In his appeal to the California Court of Appeal, Petitioner asserted that the admission of the propensity evidence under California Evidence Code Section 1108 prevented him from receiving a fair trial. (ECF No. 10-45 at 15.) The Court acknowledged that evidence should not be admitted in cases where its admission would result in a fundamentally unfair trial. (*Id.* at 17.) The Court, however, determined that the admission of the evidence against Petitioner was proper because the evidence was probative as the evidence of the prior and current molestation evidence were of a similar nature and there was no undue prejudice from relying on "highly relevant" prior molestation evidence. (*Id.* at 19.)

Here, as the R&R correctly observed, a habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." (ECF No. 13 at 19 (quoting *Langford v. Day*, 113 F.3d 1380, 1389 (9th Cir. 1997)).) In accord with this limitation on federal habeas relief, the admission of certain evidence may entitle a petitioner to relief only where the evidence "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 503 U.S. at 72. The contours of when such infection occurs are not settled for all types of evidence. As the R&R correctly observed, no clearly established Supreme Court precedent has found that admission of propensity evidence violates the Constitution and the very case on which Petitioner purports to rely expressly left open this issue. (ECF No. 13 at 20.) Indeed, *Estelle* states that "we express no opinion whether a state law would violate the Due Process Clause if it permitted the use of prior crimes evidence to show propensity to commit a charged crime." 502 U.S. at 75 n.5. The Ninth Circuit and numerous district courts in this circuit have rejected claims for habeas relief premised on admission of propensity evidence for this very reason. *See, e.g., Foy v. Gipson*, 609 Fed. App'x 903 (9th Cir. 2015) (no habeas relief on claim that admission of propensity evidence violated defendant's right to due process because *Estelle*'s reservation of the question whether propensity

evidence violates due process "forecloses the conclusion that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law); *Munoz v. Gonzales*, 596 Fed. App'x 588 (9th Cir. 2015) (even if admission of evidence of prior auto theft was improperly admitted to show propensity, habeas relief foreclosed because *Estelle* reserved the question whether propensity evidence violated due process); *Maldonado v. Frauenheim*, No. 15-cv-03002-EMC, 2017 WL 1163844, at *15 (N.D. Cal. Mar. 29, 2017) (denying habeas petition asserting, *inter alia*, due process violation for admission of propensity evidence on ground that the California Court of Appeal's rejection of the claim was not contrary to or an unreasonable application of clearly established law as set forth by the Supreme Court).

In view of this precedent, Petitioner's objection has no grounding in established Supreme Court precedent and denial of habeas relief is appropriate. The Court overrules the objection. Accordingly, the Court approves and adopts the R&R's recommendation to deny habeas relief for alleged violations of the Fifth and Fourteenth Amendments due to admission of propensity evidence related to Petitioner's prior conviction of a sex offense against Doe. (ECF No. 13 at 21.)

### 3. Prejudice from Inadmissible Opinion Testimony Despite Jury Instructions to Disregard

Lastly, Petitioner reiterates his claim that despite admonitions by the state trial court for the jury to disregard two statements by Detective Crisp that the Petitioner fits the profile of a child molester, he was deprived of his federal constitutional rights to due process and a fair trial. (ECF No. 14 at 3.) Petitioner argues that the jury necessarily credited Detective Crisp's "highly inflammatory profile evidence, despite any instruction to the contrary." (*Id*. at 4.) Petitioner objects to the R&R's conclusion that Detective Crisp's statements do not rise to the level of prejudice contemplated in *Bruton v. United States*, 391 U.S. 123 (1968), and *Gray v. Maryland*, 523 U.S. 185 (1997). (*Id*. at 3.) Petitioner asserts that the R&R improperly construed these

precedents as limited to use of co-defendant confessions at joint trials when, according to him, their holdings are applicable to any case where the evidence is so prejudicial that an instruction to disregard is futile. (*Id.* at 4.) The Court overrules these objections to the R&R.

The basis of Petitioner's claim for relief here is that during the trial resulting in the convictions he challenges, the prosecution called Detective Crisp to testify about his prior interactions with the Petitioner. (ECF No. 13 at 21.) Detective Crisp provided testimony regarding his investigation of child molestation allegations in 1998 involving the Petitioner and Jane Doe. The detective stated that Petitioner fit the profile of a sexual predator and child molester. (*Id.* at 21–22.) The state trial court struck the testimony from the record after an objection from defense counsel and instructed the jury to disregard the statement. (*Id.* at 22.) Thereafter, the detective once more stated, in reference to Petitioner, that "he fit a profile." (*Id.*) Defense counsel moved to strike, which the state trial court did with a further instruction to the jury to disregard the statement. (*Id.*) Defense counsel then moved for a mistrial because of the statements, which the trial judge denied on the ground that the jury could be instructed again to disregard the statements; such an instruction was provided. (*Id.* at 22–23.) On appeal from the conviction, the California Court of Appeal upheld the denial of the motion for mistrial on the ground that the detective's statements were not so prejudicial that they could not be cured. (*Id.* at 23.)

In his federal habeas petition, Petitioner contends that the California Court of Appeal erred. (ECF No. 1 at 15.) Petitioner asserts that during his first trial, "only the fact of his prior conviction" was heard by the jury and no conviction resulted. (ECF No. 12 at 9.) Petitioner assumes that Detective Crisp's inadmissible statements that Petitioner fit the profile of child molester, along with the admission of details of the prior conviction, necessarily resulted in his second conviction and therefore were nothing but prejudicial.

The R&R correctly rejected Petitioner's reliance on *Bruton* and *Gray*. (ECF No. 13 at 26–27.) This Court's reasons, however, differ from those in the R&R. It is a general rule that a jury is presumed to understand and follow instructions, including instructions to disregard inadmissible evidence inadvertently presented to it. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Richardson v. Marsh*, 481 U.S. 200, 211 (1989); *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987). The Supreme Court recognized in *Bruton* that although this presumption is "justified" in "many circumstances," there are circumstances when the risk that the jury will not follow instructions is "so great, and the consequences of the failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." 391 U.S. at 155. In *Bruton* and *Gray*, the Supreme Court held that the use of a confession by a co-defendant for which cross-examination was foreclosed violated the defendant's Sixth Amendment rights under the Confrontation Clause. *Id.*; *Gray*, 523 U.S. at 194. In both cases, the Supreme Court observed that limiting instructions to the jury could not overcome the prejudice resulting from the introduction of such confessions. *Bruton*, 391 U.S. at 135–36; *Gray*, 523 U.S. at 192. Petitioner points to no Supreme Court cases extending *Bruton* and *Gray* beyond the particular set of circumstances presented in those cases. This is fatal to Petitioner's claim for habeas relief on the ground that the Court of Appeal erred in denying a motion for mistrial on the ground that the stricken testimony could not be cured by proper instructions to the jury. The general rule remains that "juries are presumed to following their instructions." *Richardson*, 481 U.S. at 211. There was no basis for the California Court of Appeal to depart from this general rule.

To the extent that *Bruton* and *Gray* could be extended beyond the context of a co-defendant's confession against another co-defendant, Petitioner's arguments are removed from the Sixth Amendment violations underlying the rationale for *Bruton* and *Gray*. As the Ninth Circuit has recognized, "*Bruton*'s inability to cross-examine his codefendant was a necessary premise of the Court's holding in that case." *Hayes*

*v. Ayers*, 632 F.3d 500, 513 (9th Cir. 2011). In *Hayes*, the Ninth Circuit in part rejected a claim to habeas relief raised under *Bruton* and *Gray* because the petitioner "failed to identify any witness he was denied the opportunity to cross-examine." *Id*. at 514. Likewise, Petitioner here fails to identify how his Sixth Amendment right to cross-examine was infringed, instead anchoring his claim in a generalized notion of due process. (*See* ECF No. 1 at 15–16.) Petitioner cannot in fact assert a Sixth Amendment claim here because the testimony he challenges was in fact *excluded* by the state trial court as inadmissible and the jury was given limiting instructions. The Ninth Circuit recognized in *Hayes* that the complete exclusion of inadmissible evidence "ease[s] the jurors' task of ignoring it by allowing them to disregard it entirely." 632 F.3d at 514. "In sum, the confrontation right at stake in *Bruton* and *Gray* in not implicated in this case." *Id.* Accordingly, the Court overrules Petitioner's objection to the R&R's conclusion that the Court of Appeal did not err in upholding the denial of the motion for a mistrial on the basis of the inadmissible testimony of Detective Crisp subject to limiting jury instructions.

### B. The Court Otherwise Approves and Adopts the R&R

Petitioner does not object to the remaining conclusions and recommendations in the R&R. These recommendations include denial of the Petitioner's claims for relief regarding (1) an alleged improper denial of release of juror information, (2) the sentencing court's reconsideration of evidence excluded at trial on *Miranda* grounds, (3) the restitution award, and (4) cumulative error. Because no party has objected to these portions of the R&R and the conclusions underlying them, the Court may adopt these recommendations on that ground alone. *See Reyna-Tapia*, 328 F.3d at 1121. However, having reviewed the Petition, the Response, the R&R, and the supporting papers, the Court concludes that Judge Crawford's recommendations are reasoned and sound. Accordingly, the Court approves and adopts all remaining recommendations in the R&R. With no basis for habeas relief, the Court approves and adopts the recommendation to deny the Petition.

### C. Certificate of Appealability

In his Objection, the Petitioner expressly requests that this Court issue a certificate of appealability if the Petition is denied. (ECF No. 14 at 4.) He contends that his Objection and pleadings show that substantial evidence supports his claims and that reasonable jurists could differ in deciding whether he is entitled to habeas relief. (*Id.* at 5.) Pursuant to Rule 11 of the Rules following 28 U.S.C. §2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner may not appeal the denial of a habeas petition concerning detention arising from state court proceedings unless he obtains a certificate of appealability from a district or circuit court judge. 28 U.S.C. §2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269−70 (9th Cir. 1997). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir. 2013). Having considered the issues raised in the Petition, the Court denies Petitioner's request for a certificate as to all issues for which the R&R recommends a denial of the Petition and to which Petitioner did not object. As to the recommendations on issues for which Petitioner has objected, the Court finds that Petitioner has failed to make a substantial showing of the denial of a federal constitutional right on any issue raised in the Petition. The Court does not find that reasonable jurists could find debatable the Court's assessment of the claims raised in the Petition.

### IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** that:

1. The Petitioner's Objections to the R&R are **OVERRULED** (ECF No. 14);

2. The Court **APPROVES AND ADOPTS IN ITS ENTIRETY** the R&R (ECF No. 13);

3. The Court **DENIES** the Petition for a Writ of Habeas Corpus (ECF No. 1); and

4. The Court **DENIES** Petitioner a Certificate of Appealability as to all issues raised in the Petition.

**IT IS SO ORDERED.**

DATED: February 16, 2018

Hon. Cynthia Bashant
United States District Judge